**Billy Otis McCARTY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16660.**

Court of Criminal Appeals of Oklahoma.

Oct. 4, 1971.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Billy Otis McCarty, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County with the offense of Robbery with Firearms; his punishment was fixed at twenty-five (25) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on August 16, 1970, Clyde Sneed was employed by Western Union. He testified that about 12:45 p. m. a person he identified in court as defendant, came into the office, revealed a gun inside his shirt, and demanded the money. Sneed testified that he gave him $245.00, and that he threatened Sneed's life with the gun. The defendant then put Sneed and the other employees in a back room, telling them to remain five minutes. Sneed remained in the back room about three minutes and then called the police. On cross-examination, he testified that he attended two line-ups and picked out the defendant at the second lineup.

Charles Powers testified that he was employed at Western Union on that date and identified the defendant as the one who robbed them. Officer Harrison testified that defendant was represented by counsel at the second lineup.

The defendant did not testify, nor was any evidence offered in his behalf.

■ On appeal, the first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict since it is the exclusive province of the jury to weigh the evidence and determine the facts. Turner v. State, Okl.Cr., 479 P.2d 631.

■ The final proposition contends that the punishment is excessive. We need only observe that the punishment imposed is well within the range provided by law, and does not shock the conscience of this Court.

The record is free of any error which would require modification or reversal, and the judgment and sentence is accordingly affirmed.

BRETT and NIX, JJ., concur.